UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>D-1 Chanise Coyne,<br><br>　　　　Defendant.<br>_____ / | Case: 2:26-cr-20082<br>Assigned To : White, Robert J.<br>Referral Judge: Altman, Kimberly G.<br>Assign. Date : 2/19/2026<br>Description: IND USA V CHANISE COYNE (SS)<br><br>18 U.S.C. § 1343<br>18 U.S.C. § 1957 |

## INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At times relevant to this Indictment:

#### The Defendant

1. CHANISE COYNE was a resident of the Eastern District of Michigan.

#### Purpose of the Scheme to Defraud

2. The purpose of the scheme to defraud was for COYNE to obtain money and enrich herself by, among other things, materially false and fraudulent representations to Victim A and his family members regarding COYNE's purported work relating to the placement of Victim A's daughter in modeling events and the use of payments from Victim A and his family for supposed expenses relating to those events.

1

## The Scheme to Defraud

3.  As part of the scheme to defraud, COYNE made materially false and fraudulent representations to Victim A and his family that induced them to pay over $4.6 million to COYNE, almost all of which she fraudulently misappropriated for her own benefit.

4.  As part of the scheme, COYNE made repeated materially false and fraudulent representations that advance fee payments from Victim A and his family would be used to arrange for the participation of Victim A's minor daughter in various modeling events across the United States.

5.  As part of the scheme to defraud, COYNE generated false and fraudulent records relating to the supposed placement of Victim A's daughter in modeling events.

6.  As part of the scheme to defraud, COYNE impersonated a third-party with whom she claimed to be in communication regarding the supposed placement of Victim A's daughter in modeling events.

7.  Contrary to the representations that COYNE made, funds obtained from Victim A and his family were not used in connection with the placement of Victim A's daughter in modeling events, and Victim A's daughter did not participate in a single modeling event resulting from COYNE's work.

8. Instead, funds that COYNE obtained from Victim A and his family were largely used by Coyne for her own benefit—including significant expenditures by COYNE for online gambling activity.

## Interstate Wires

9. In furtherance of the scheme to defraud, COYNE caused interstate wire transfers to be made, including interstate wire transfers of funds from Victim A and his family to COYNE's financial accounts.

## COUNTS ONE THROUGH SEVEN
## 18 U.S.C. § 1343 - Wire Fraud

D-1 CHANISE COYNE

10. The allegations in paragraphs 1 through 9 are incorporated into this count by reference.

11. From at least approximately April 2023, though at least approximately April 2025, in the Eastern District of Michigan and elsewhere, the defendant, as specified below, did knowingly and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce for the purposes of executing such scheme and artifice.

## Purpose of the Scheme to Defraud

12. The Grand Jury realleges and incorporates by reference paragraph 2 of this Indictment as though fully set forth herein as a description of the purpose of the scheme and artifice.

## The Scheme to Defraud

13. The Grand Jury realleges and incorporates by reference paragraphs 3 through 9 of this Indictment as though fully set forth herein as a description of the scheme and artifice.

## Use of the Wires

14. On or about the dates specified as to each count below, COYNE, in the Eastern District of Michigan and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce for the purposes of executing such scheme and artifice, as set forth below:

| Count | Approximate Date | Description of Wire Communication |
|---|---|---|
| 1 | November 7, 2023 | Wire Transfer of Approximately $50,000.00 from Victim A to COYNE Account X9004 |
| 2 | November 7, 2023 | Wire Transfer of Approximately $48,893.00 from Victim A or His Wife to COYNE Account X9004 |
| 3 | January 18, 2024 | Wire Transfer of Approximately $96,807.00 from Victim A to COYNE Account X9004 |
| 4 | March 8, 2024 | Wire Transfer of Approximately $159,000.00 from Victim A to COYNE Account X9004 |

| 5 | March 11, 2024 | Wire Transfer of Approximately $160,000.00 from Victim A to COYNE Account X9004 |
|---|---|---|
| 6 | April 22, 2024 | Wire Transfer of Approximately $80,000 from Victim A to COYNE Account X9004 |
| 7 | May 8, 2024 | Wire Transfer of Approximately $40,000 from Victim A to COYNE Account X9004 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS EIGHT THROUGH TWELVE
### 18 U.S.C. § 1957 – Money Laundering

D-1 CHANISE COYNE

15.   The allegations in paragraphs 1 through 14 are incorporated into this count by reference.

16.   On or about the date specified below, COYNE, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to, a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of U.S. currency, such property having been derived from a specified unlawful activity, that is, wire fraud, which occurred in the Eastern District of Michigan and elsewhere as detailed in Paragraphs 1-14, and the proceeds of which COYNE participated in transferring from the Eastern District of Michigan to the district where the monetary transaction occurred:

| Count | Approximate Date | Description of Monetary Transaction |
|---|---|---|
| 8 | March 11, 2024 | $20,000 Debit Card Transaction from COYNE Account X9004 for "FanDuel" |
| 9 | March 11, 2024 | $20,000 Debit Card Transaction from COYNE Account X9004 for "FanDuel" |
| 10 | March 11, 2024 | $20,000 Debit Card Transaction from COYNE Account X9004 for "FanDuel" |
| 11 | March 11, 2024 | $20,000 Debit Card Transaction from COYNE Account X9004 for "FanDuel" |
| 12 | March 11, 2024 | $20,000 Debit Card Transaction from COYNE Account X9004 for "FanDuel" |

All in violation of Title 18, United States Code, Sections 1957.

## FORFEITURE ALLEGATIONS

(18 U.S.C. § 981, 18 U.S.C. § 982, and 28 U.S.C. § 2461)

17.   The allegations contained in Counts One through Seven of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461.

18.   Upon conviction of the offense(s) charged in Counts One through Seven of this Indictment, in violation of Title 18, United States Code, Section 1343, defendant shall forfeit to the United States any property which constitutes or is derived from proceeds traceable to the offense(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461.

19. The allegations contained in Counts Eight through Twelve of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1).

20. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the offense(s) charged in Counts Eight through Twelve, in violation of Title 18, United States Code, Section 1957, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property.

21. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of Defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

22. <u>Money Judgment</u>: Upon conviction of violating Title 18, United States Code, Section 1343 and/or Section 1957, defendant shall be ordered to pay the

United States a sum of money equal to the total amount of proceeds defendant obtained as a result of such violation(s).

                          THIS IS A TRUE BILL

                          *s/Grand Jury Foreperson*
                          GRAND JURY FOREPERSON

JEROME F. GORGON JR.
United States Attorney

*s/John K. Neal*
JOHN K. NEAL
Chief, Anti-Corruption Unit

*s/Andrew J. Yahkind*
ANDREW J. YAHKIND
Assistant United States Attorney

Dated: February 19, 2026

| United States District Court<br>Eastern District of Michigan | Criminal Ca | Case: 2:26-cr-20082<br>Assigned To : White, Robert J.<br>Referral Judge: Altman, Kimberly G.<br>Assign. Date : 2/19/2026<br>Description: IND USA V CHANISE<br>COYNE (SS) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this fo

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials:  AJY |

**Case Title:** USA v. Chanise Coyne

**County where offense occurred :** Wayne

**Check One:**    ☒ Felony         ☐ Misdemeanor         ☐ Petty

 ✓ Indictment/____ Information --- **no** prior complaint.
____ Indictment/____ Information --- based upon prior complaint [Case number:                    ]
____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

February 19, 2026
Date

s/Andrew J. Yahkind
Andrew J. Yahkind
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9565
Fax:    (313) 226-2873
E-Mail address: andrew.yahkind@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.